Wm. M. Van Horn *et al.*, Respondents, *v* George W. Rucker *et al.*, Appellants.

33   391
45a  486
33   391
59a  262
33   391
72a  615

*Sales.*—If a vendee of goods unreasonably refuse to accept them, the vendor is under no obligation to allow them to perish on his hands, or to become reduced in value; but he may sell them at auction and hold the buyer responsible for the difference between the price they actually bring and the price agreed to be paid.

*Appeal from St. Louis Court of Common Pleas.*

*Sanders* and *Holliday*, for respondents.

*Garesché* and *Bakewell*, for appellants.

Bay, Judge, delivered the opinion of the court.

We are unable to discover from the record in this case any good ground for an appeal.   The parties purchased on joint account tobacco at different points on the Missouri river, including the crop of one William Arnold of Callaway county, then not prised, and were to pay for said Arnold's crop at the rate of $10 per hundred pounds.   The Arnold crop, when prised, embraced three hogsheads, which were delivered to A. H. Henderson at Portland, and by Henderson shipped to St. Louis for defendants.   Before said crop was delivered at Portland, plaintiffs and defendants entered into a contract, by which it was agreed and stipulated that if plaintiffs would pay defendants the sum of $350, they, the defendants, would receive and pay for the tobacco so purchased, and release the plaintiffs from all liability on account thereof. Plaintiffs then paid said amount to defendants, and Henderson, who acted as the agent for both parties, shipped the to-

bacco as aforesaid, the first hogshead in June, 1857, and the others at a subsequent time. The defendants received and paid for the first hogshead, and refused the others, and this action was brought to recover damages for the breach of the contract.

One ground alleged in the defendants' answer for refusing to receive the tobacco was that it was not Arnold's crop, but an inferior article which was attempted to be substituted for Arnold's. Henderson in his testimony shows, however, that it was a part of the Arnold crop. It was also in proof, and admitted by the pleadings, that plaintiffs, after defendants refused to receive the tobacco, put up in market one of the hogsheads and sold it, and credited the defendants with the proceeds of the sale.

Several instructions were asked by defendants, and properly refused by the court, for they not only failed to enunciate the law of the case, but most of them were unsupported by the facts of the case. One instruction assumed that the defendants had a right to refuse the tobacco unless the plaintiffs satisfied them beyond a doubt that it was a part of the Arnold crop, thus making the plaintiffs' right to recover dependent upon the will or caprice of defendants. Another assumed that the plaintiffs had no right to sell the refused tobacco; and that, by selling it, the contract became rescinded *pro tanto*.

This is not the law. If a vendee of goods unreasonably refuse to accept them, the vendor is under no obligation to allow them to perish on his hands, or to become reduced in value, but he may sell them at auction and hold the buyer responsible for the difference between the price which they actually bring and the price which he agreed to give. (Story on Sales, § 314; Sands & Crump v. Taylor & Ladd, 5 John., 395; 5 Sarg. & Rawle, 32.)

The other judges concurring, the judgment will be affirmed, with ten per cent. damages.