[McGehee v. Lehman, Durr & Co.]

# McGehee v. Lehman, Durr & Co.

## Bill in Equity by Mortgagor, for Account; Cross-Bill for Reformation and Foreclosure.

1. *Conclusiveness of answer as evidence.*—An answer which is responsive to the bill, admitting a material allegation, is conclusive evidence of that fact, as in favor of the complainant, and estops the defendant from introducing evidence inconsistent with the admission on a reference before the register.

2. *Reformation of mortgage, by correcting mistake in description of lands; foreclosure, or confirmation of sale under power.*—A mistake in the description of lands conveyed by a mortgage, when made to appear by satisfactory evidence, may be corrected by the decree of a court of equity, in like manner with any other written instruments ; and when the court has taken jurisdiction for that purpose, it may properly go on and decree a foreclosure of the mortgage ; or, if the lands have been sold under a power given by the mortgage, and bought in by the mortgagee, and the mortgagor does not impugn the fairness of the sale, nor ask to have it set aside, the court may confirm the sale.

3. *Confirmation of sale under power; rents and profits*—When a sale of lands under a power in a mortgage, at which the mortgagee himself became the purchaser, is comfirmed by the court, under a bill for the reformation of the mortgage, or under a bill for an account and cross-bill for reformation and confirmation ; such confirmation relates back to the day of sale, and the mortgagor can not claim the intermediate rents on the statement of the account ; nor can he claim the rents of lands which were conveyed by the mortgage, but to which he had only an imperfect equity, and which have been recovered from the mortgagee under the superior outstanding title.

4. *Decree against party as to whom cause is not at issue; when and how available on error.*—It is error to proceed to a final decree against a defendant who has not answered, and against whom a decree *pro confesso* has not been entered ; and the error will work a reversal of the decree, at his instance, unless it affirmatively appears that no injury resulted to him ; but the other defendants can not complain of it, and if he assigns it as error jointly with them, the assignment will not be sustained as to either of them.

APPEAL from the Chancery Court at Montgomery.

Heard before the Hon. H. AUSTILL.

The original bill in this case was filed on the 14th April, 1873, by Albert G. McGehee, against Lehman, Durr & Co., as partners, a mercantile firm doing business in the city of Montgomery ; and sought an account of the transactions between the parties for a series of years, particularly in connection with a mortgage which the complainant had given to secure his indebtedness to the defendants, and equitable relief against alleged usurious charges. The defendants had sold the lands conveyed by the mortgage, becoming themselves the purchasers at the sale ; and they filed a cross-bill against said McGehee and his wife, asking a refor-

mation of the mortgage, by the correction of alleged mistakes in the description of the lands conveyed, a confirmation of the sale, and other relief. From the decree on the original bill, McGehee alone appeals, and here assigns it as error, together with the overruling of his exceptions to the register's report ; and from the decree on the cross-bill, he and his wife jointly appeal, and jointly assign as error the. decree rendered, and the rendition of the decree when the cause was not at issue. The opinion states all the material facts.

GUNTER & BLAKEY, for appellants.

CLOPTON, HERBERT & CHAMBERS, contra.

BRICKELL, C. J.—The original bill was filed by the appellant, Albert G. McGehee, against Lehman, Durr & Co., for an account of the value, and of the proceeds of the sales of property mortgaged by him to them, and for an ascertainment of the mortgage debt, excluding all charges of usurious interest. Among other charges made by the bill, was that, as mortgagees, the appellees had received, as property covered by the mortgage, nine hundred bushels of corn, of the value of six hundred and seventy-six dollars. The answer admitted that this quantity of corn had been received, and that it was of the value of six hundred and seventy-five dollars ; and an account of the transactions with the mortgagor was exhibited, in which he was credited with that quantity of corn, and of that value. On a reference of the matters of account to the register, evidence was introduced without objection by the appellant, that there were only five hundred and seventy-nine bushels of the corn, and that it was of the value of four hundred and thirty-four 25-100 dollars. Thereupon, the register charged appellees with only the latter sum. The appellant excepted to the report, and the exception was overruled ; and this forms the matter of the first assignment of error.

When an answer in responsive to any material allegation of the bill, it is conclusive as evidence for the complainant, and operates as an estoppel on the defendant from introducing evidence conflicting with its truth.—Gresl. Eq. Ev. 9 ; *Torrey v. Moore,* 4 St. & Port. 347. Unless there had been an amendment of the answer in this respect, the evidence in conflict with its statement ought not to have been received, if objection had been made ; and having been received, it was insufficient to outweigh the statement in the answer, which must be regarded as a deliberate admission made on

oath. This exception was well taken, and should have been sustained.

In drawing the mortgage, a mistake occurred in describing the lands conveyed; and this mistake, not being discovered until the institution of this suit, was carried into the sale made in execution of the power contained in the mortgage. The mistake was of the numbers, subdivisions of sections, and of range and township, in which the lands were situate. The parties knew the lands intended to be conveyed—there was no mistake as to them; but the mortgagor was mistaken as to their description according to the governmental surveys. Nor was there any error, mistake, or omission, other than this, as to the lands sold under the mortgage. The parties knew the lands which were being sold, and that they were the lands actually intended to be conveyed by the mortgage. It is not insisted that the misdescription affected the sale—that bidders were misled by it—or that, if properly described, the lands intended to be conveyed would have produced a larger sum at the sale, the regularity of which, in all other respects, is unquestioned.

The purpose of the cross-bill is the reformation of the mortgage, so as to describe the lands by their proper denomination, according to the government surveys. To a large part of the lands, the mortgagor had but an imperfect equity, and to a part he was without any title or estate. The parts to which he had but an imperfect equity were taken from the mortgagees by the superior title, without fault on their part. The appellant, in his answer to the cross-bill, admitted the misdescription of the lands, consented to its correction, and did not impugn the fairness of the sale made, nor prefer any claim that it should be vacated. The contention made was, that the mortgagees should be charged with the amount bid at the sale, for the lands as misdescribed, to which it was admitted the appellant had not, and never claimed title; and with the rents of the lands conveyed, though misdescribed, to which the appellant had only an imperfect equity, and which were taken from the mortgagees by the superior title. The chancellor refused to charge the mortgagees with rents, but charged them with the entire purchase-money bid at the sale, though the title to much of the lands had failed, and the covenants of warranty in the mortgage were, *pro tanto*, broken. It is now insisted the chancellor erred in decreeing a reformation of the mortgage, and confirming the sale made under it before reformation; and in refusing to charge the mortgagees with rents from the time they entered into possession, until the reformation was made.

We do not doubt that, when it is made to appear by

clear, satisfactory evidence, that a mistake has been made in the description of property intended to be conveyed by a mortgage, it is capable of correction by the decree of a court of equity, as any material omission or mistake made in any other written agreement.—*Alexander v. Rea*, 50 Ala. 450. Nor do we doubt, that the court, taking jurisdiction for the correction of the mistake, may properly proceed to decree a foreclosure, without turning the parties round to the expense, inconvenience, and delay, of a new, independent suit for that purpose. The jurisdiction of the court, attaching for one purpose rightfully, can, and ought unless some peculiar circumstances intervene, to be made effectual, complete justice done, and litigation quieted.—1 Story's Eq. § 64 *k*. The jurisdiction of the court to correct the mistake, in this case, was not denied. There was perfect submission to it; the misdescription was confessed; and full consent given that it should be corrected. The mortgagees having purchased at their own sale, the mortgagor had the equity to avoid the sale, if he thought proper to exercise it, and seasonably expressed his election to do so. Until he manifested the election, the sale was valid, operating a foreclosure of the mortgage, and clothing the mortgagees with a title he was estopped from disputing. There can be no sound reason for doubting the jurisdiction of the court to confirm the sale made, when decreeing a reformation of the lands, no objection to its validity being made. Such a reformation was necessary to the certainty and security of the title the mortgage creates, and to the title derived from the sale; and if the court should halt upon decreeing the reformation, justice would be but half-done, and litigation with its inconveniences prolonged.

The facts of each case must control the court in the exercise of the jurisdiction. If there is clear, satisfactory evidence that there was no misapprehension as to the lands intended to be conveyed, and the lands which were sold—that the sale was for the full value of the lands; if the fairness of the sale is not impeached; if the mortgagor manifests no purpose to set it aside, its confirmation is incidental to the correction of the misdescription. Mistakes of the numbers of lands, as they are known in the surveys of the government, are of very frequent occurrence, and are to be found in many muniments of title. They rarely mislead or deceive, because it is not on them generally, but on other sources of identification, reliance is placed. The possession of the grantor, undisturbed, and not questioned by a known adverse claim, is the fact which is generally regarded. It cannot be said justly that, though the lands were described in the

mortgage by wrong numbers, and the sale was according to these numbers, that the sale was not of the lands intended to be conveyed. That such was the sale, was not questioned in the court below, and cannot now be made a debatable point in this court.

Looking through the record, we do not think the court erred in confirming the sale made under the mortgage, so far, and as to the lands to which the mortgagor had title. The confirmation, of course, relates to the day of sale, and perfected the title of the mortgagees from that time. There was, of consequence, no right in the mortgagee to claim rents of the lands, the title to which was vested in the mortgagees freed from his equity of redemption. Nor were they accountable to the mortgagor for the rents of the lands to which his title failed, and which had been recovered from them. Rent is an incident to the estate of the party having the immediate right of entry and possession; and that not residing in the mortgagor, but in a stranger, to whom the mortgagees can be made accountable, there is no equity in a claim to them by him; especially as it is only by his own breach of warranty of title, that the mortgagees were involved in liability for them.

The cross-bill was not at issue as to Mrs. McGehee. She had not answered, and no decree *pro confesso* had been rendered against her. This error is available only to her—it is not available to her co-appellant. Parties cannot claim a reversal, because of errors not injurious to them.—*Magruder v. Campbell*, 40 Ala. 611; *Walker v. Jones*, 23 Ala. 448. If the appellants had severed in assigning errors, and this had been assigned by Mrs. McGehee solely, it would have been necessary, perhaps, to consider whether she was other than a formal proper party defendant to the cross-bill; and, if not, whether it was not error without injury. But, assigned jointly by the appellants, and not being available to one of them in any event, the assignment can not be sustained.

For the error pointed out, the decree on the original bill (637) must be reversed, and the cause remanded; and the decree on the cross-bill (643) must be affirmed.

STONE, J. not sitting, having been of counsel.