# Garland *v.* Watson.

*Bill in Equity to set aside Sale under Power in Mortgage, at which Mortgagee became Purchaser.*

1. *Purchase by mortgagee at sale under mortgage; election and remedies of mortgagor.*—When lands are sold under a power contained in a mortgage, and the mortgagee himself becomes the purchaser at the sale, the mortgagor has an election, if seasonably expressed, either to affirm or

[Garland v. Watson.]

disaffirm the sale, without regard to its fairness, or to the sufficiency of the price paid; but a bill which merely seeks to set aside the sale, alleging nothing as to the state of the account, containing no tender or offer to pay what is due, or to do equity, and not asking to redeem, is without equity.

APPEAL from the Chancery Court of Franklin.

Heard before the Hon. THOMAS COBBS.

The bill in this case was filed on the 31st March, 1879, by B. R. Garland, against Robert H. Watson; and sought to set aside a sale of lands under a power contained in a mortgage, made by said Watson as mortgagee, and at which he became himself the purchaser. The mortgage was dated March 20th, 1877, and was given to secure the payment of a promissory note for $4,707.53, which became due and payable on the 1st January, 1878; and it contained a power of sale, if default should be made in the payment of the note at maturity. The sale was made on the 8th April, 1878, after notice as prescribed by the mortgage; the mortgagee becoming the purchaser, at the price of $5,300, and executing a conveyance to himself as purchaser. The bill alleged that the lands would have brought a better price, if they had been subdivided and sold in parcels; and prayed to have the sale set aside on that account, and because the mortgagee himself became the purchaser. On final hearing, on pleadings and proof, the chancellor dismissed the bill, and his decree is now assigned as error.

L. P. WALKER, for appellant.—When a mortgagee purchases at his own sale, under a power contained in the mortgage, a court of equity will set aside the sale, and order a re-sale, on the timely application of the mortgagor, without any inquiry into the fairness or regularity of the sale; the principle being, that the mortgagee is a trustee, and can not take advantage of his position.—*Charles v. DuBose*, 29 Ala. 367; *Andrews v. Hobson*, 23 Ala. 219; *Carter v. Thompson*, 41 Ala. 375; *Mc-Lean v. Presley's Adm'r*, 56 Ala. 211; *Robinson v. Cullom & Co.*, 41 Ala. 691; *Hawkins v. Hudson*, 45 Ala. 482; *James v. James*, 55 Ala. 530; *McGehee v. Lehman, Durr & Co.*, 65 Ala. 316; *Dozier v. Mitchell*, 65 Ala. 511; *Adams v. Sayre*, 70 Ala. 318; *Campbell v. Walker*, 5 Vesey, 680; *Harris v. Miller*, 71 Ala. 26. A sale under the power in a mortgage is the equivalent of a foreclosure suit.—*McGuire v. Van Pelt*, 55 Ala. 344. The only remedy of the mortgagor against an irregularity in a foreclosure suit, is an application to have the sale set aside, and a re-sale ordered: he has no right to redeem under the mortgage.—2 Jones on Mortgages, § 1054; *Brown v. Frost*, 10 Paige, 243. Having no right to redeem, no offer to redeem was necessary on his part.

[Garland v. Watson.]

WATTS & SONS, and EMMETT O'NEAL, *contra.*—The bill was wanting in equity, because there was no offer to redeem. It simply asked to set aside the sale, because the land was not sold in parcels, and because the mortgagee himself became the purchaser; but it did not allege that the complainant asked a sale in parcels, nor that there was any unfairness or irregularity in the sale; and the averments and exhibits both show that the price bid was more than the amount of the mortgage debt. Jones on Mortgages, §§ 1857–59; *Goldsmith v. Osborne,* 1 Edw. Ch. 562; *Rutherford v. Williams,* 42 Mo. 18; *Robinson v. Amateur Asso.,* 14 S. C. 148; *Elliott v. Wood,* 45 N. Y. 71; *Schwartz v. Sears,* Walker's Ch. (Mich.) 170; 5 John. Ch. 35; *Rogers v. Torbut,* 58 Ala. 523; *Eslava v. Crampton,* 61 Ala. 507; *Smith v. Conner,* 65 Ala. 371; 49 N. Y. 377.

STONE, J.—Garland executed a mortgage to Watson, with power of sale, the subject of the mortgage being lands. Watson sold under the power contained in his mortgage, after due advertisement, and himself became the purchaser. He thereupon, describing himself as mortgagee, conveyed the lands to himself as an individual. In less than twelve months afterwards, Garland filed this bill to disaffirm the sale.

It is too well settled by the decisions of this court to require further argument, that when a mortgagee of lands sells under the power contained in the mortgage, and becomes the purchaser at his own sale, he arms the mortgagor with the option, if expressed in a reasonable time, of affirming or disaffirming the sale, and this without any reference to the fairness of the sale, or the fullness of the price.—*James v. James,* 55 Ala. 525; *McLean v. Presley,* 56 Ala. 211; *McGehee v. Lehman,* 65 Ala. 316; *Dozier v. Mitchell, Ib.* 511; *Harris v. Miller,* 71 Ala. 26; *Bush v. Sherman,* 80 Ill. 160. The present bill was filed in time, and the record fails to show the mortgagor had done any thing to estop him from asserting his election to disaffirm the sale.

The object and prayer of the present bill are simply to disaffirm and set aside the sale. There is neither averment nor prayer which reaches beyond that single purpose. Nothing said as to the state of the account, or payments on the mortgage; no tender or offer to pay what may be due; no offer to redeem, or otherwise to do equity. A bill for such a purpose can not be maintained.—2 Jones on Mortgages, §§ 1052, 1077, 1093 to 1096, 1921; *Rogers v. Torbut,* 58 Ala. 523; *Grigg v. Banks,* 59 Ala. 311; *McGehee v. Lehman,* 65 Ala. 316; *Smith v. Conner,* 65 Ala. 371; *Dozier v. Mitchell, Ib.* 511; *Collins v. Riggs,* 14 Ala. 491; *Post v. Bank of Utica,* 7 Hill, (N. Y.)

[Allred v. Kennedy.]

391; *Goldsmith v. Osborne*, 1 Edw. Ch. 560; *Schwartz v. Sears*, Walker's Ch. (Mich.) 170.

There is a class of cases, in which a bill filed by a mortgagor, either to redeem, or to obtain other equitable relief, may result in ascertaining the true amount due on the mortgage; and if the sum thus ascertained to be due be not paid by a day named in the decree, there may be a sale of the land, for the payment of the sum decreed. Decrees have been rendered in this alternative form, and we will not inquire into their soundness. But, to maintain such bill, there must be an offer to do equity, by tender, or in some other equitable form, and the complainant, by his averments and offer, must submit himself to the jurisdiction of the court, so that proper decree can be rendered against him, without a cross-bill.—*Rogers v. Torbut*, 58 Ala. 523; *Andrews v. Hobson*, 23 Ala. 219; *Charles v. DuBose*, 29 Ala. 367; *McLean v. Presley*, 56 Ala. 211; *Downs v. Hopkins*, 65 Ala. 508; *Mooney v. Walter*, 69 Ala. 75. The present bill is not brought within this rule. The result is, the complainant has shown no title to relief.—1 Dan. Ch. Prac. 330.

We will so far modify the decree, as to make it a dismissal without prejudice.—*Taylor v. Robinson*, 69 Ala. 269. As amended, the decree of the chancellor must be affirmed.