# McHan *v.* Ordway, Dudley & McGuire.

*Bill in Equity by Mortgagee as Purchaser at Mortgage Sale.*

1. *Purchase by mortgagee at sale under power; equitable relief to him.*—When a mortgagee becomes the purchaser at his own sale under a power in the mortgage, he does not thereby acquire any title beyond that vested in him as mortgagee; but, being bound by the sale, he may come into equity to have it confirmed and his title perfected, unless the mortgagor makes a seasonable application to set aside the sale and be let in to redeem; and he may offer in his bill to have the lands resold, at the option of the mortgagor, although the latter has, by his *laches*, lost the right to ask a resale.

2. *Allegations of fraud in concealment, cancellation and destruction of deed.*—General averments of fraud, not stating the particular facts in which it consists, are not sufficient. Thus, where a mortgagee, being defeated in an action at law for the recovery of the lands, files a bill in equity against the mortgagor and the defendant in possession, alleging that, prior to the execution of the mortgage, they had effected an exchange of lands, by which the mortgagor had obtained the lands conveyed by the mortgage; "that said defendants, since the execution of said mortgage have fraudulently cancelled the trade which they had previously made, and have fraudulently withheld from record said deeds which they had executed to each other, and now have said deeds in their possession, or under their control, or have destroyed the same, and, by such false and fraudulent conduct, are trying to defeat complainant from recovering the possession of said lands;" these averments, as charges of fraud, are not sufficiently definite and specific to authorize relief.

APPEAL from the Chancery Court of Blount.

Heard before the Hon. THOMAS COBBS.

The original bill in this case was filed on the 5th November, 1883, by the appellees, suing as late partners, against William Conant and James McHan, and sought a discovery and relief, but, by an amendment of the bill, the prayer for discovery was stricken out. The facts on which the prayer for relief was founded, briefly stated, were these: On the 13th February, 1878, said William Conant conveyed to complainants, by mortgage, a tract of land therein particularly described, to secure the payment of a note of that date; copies of which note and mortgage were made exhibits to the bill. The note not being paid at maturity, the complainants foreclosed the mortgage, by a sale under the power therein contained, and became themselves the purchasers at the sale. At the time the mortgage was executed, Conant was in possession of the lands, claiming them as his own, and exercising acts of ownership over them; having previously obtained them from said James McHan in exchange for another tract of land, and having at least a perfect equity to them; while the bill further alleged, also, that they had executed conveyances to each other, which had not been recorded. On the 17th June, 1879, after the sale under the mortgage, the complainants brought an action of ejectment for the lands against the said James McHan, who was then in possession; but they were defeated in that action, because, as they alleged, they could not prove that the legal title to the lands was in said Conant at the time of the execution of the mortgage. The bill then alleged and charged a fraudulent cancellation of the contract of exchange by and between the defendants, and the concealment or destruction of the conveyances which they had executed to each other. These allegations are copied in the opinion of the court. The prayer of the bill was, "that the legal title to said lands be devested out of said defendants, or either of them, and that complainants be invested with the same; that the sale made by complainants under said mortgage be in all things confirmed, or, if agreeable to the desire of the said Conant, a resale be made under the order and decree of the court, and complainants be put in possession of the lands; that it be referred to the register to take and state an account of the annual value of the rents of said lands since the sale under said mortgage, and the said McHan be required to account to complainants for the same;" and for other and further relief.

The defendants moved to dismiss the bill, as amended, for want of equity; and the decree overruling that motion is now assigned as error.

[McHan v. Ordway, Dudley & McGuire.]

C. F. HAMILL, for appellants.—The prayer for discovery having been struck out by amendment, the bill can only be maintained as asking relief in one of two aspects:  1st, as a bill by the mortgagor, having purchased at his own sale, to have the sale either confirmed or set aside ; 2d, as a bill for relief against fraud.  In the former aspect, it is without equity, because, on the facts stated, the mortgagor has never objected to the sale, and he is now barred by his own *laches* from setting it aside. *Robinson v. Cullom & Co.*, 41 Ala. 693 ; *McLean v. Presley*, 56 Ala. 211 ; *Harris v. Miller*, 71 Ala. 26.  As seeking relief on the ground of fraud, if the allegations are sufficiently specific, they do not impart equity to the bill, but show that the complainants have a full, complete and adequate remedy at law.—1 Story's Equity, §§ 72 to 74 *a*, inclusive ; Story's Eq. Pl. §§ 473, 476, 478 ; *Insurance Co. v. Webb*, 54 Ala. 697 ; *Dickinson v. Lewis, Garthwaite & Co.*, 34 Ala. 638 ; cases cited in 1st Brick. Digest, 666, § 386.

WATTS & SON, and C. C. HARRIS, *contra*.—The complainants had an undoubted right to come into equity, asking to have the sale confirmed, and their title as purchasers established ; or, if it was repudiated by Conant, to have their mortgage foreclosed. *McLean v. Presley*, 56 Ala. 211 ; *McGehee v. Lehman, Durr & Co.*, 65 Ala. 316 ; *Harris v. Miller*, 71 Ala. 26 ; *Yarborough v. Avant*, 66 Ala. 526.  The alleged fraudulent concealment, cancellation or destruction of the unrecorded conveyances, gives additional equity to the bill.  The mortgage having been duly recorded, as shown by the exhibit to the bill, McHan was chargeable with notice of the complainants' rights under it, and could acquire no right or title from Conant which would override theirs ; while the destruction or cancellation of the deeds prevented the complainants from establishing the legal title at law.

STONE, C. J.—If the complainants have shown any right to recover the land sued for, it may be conceded they could come into equity, and have their title perfected.  Purchasing, as they did, at their own sale, they did not, by such purchase, acquire any legal title beyond what they held under their mortgage.  True, they were bound by their purchase, and could not, by any proceeding instituted by them, be heard to disaffirm it. They bound themselves, but did not bind the mortgagor, if he seasonably moved to have the sale disaffirmed, and to be let in to redeem.—*Garland v. Watson*, 74 Ala. 323.  It may also be conceded, that Conant had slumbered too long, to be allowed to disaffirm and redeem.  Still, complainants are without a perfect title ; and, as we have said, if there is no other obstacle in the

way, they may come into equity, and have all the equities of Conant converted into a legal title in them ; and, inasmuch as they are the actors praying relief, it was their privilege, if not their duty, to offer to the mortgagor the option of having the lands resold.—*McLean v. Presley*, 56 Ala. 211 ; *McGehee v. Lehman*, 65 Ala. 316 ; *Yarborough v. Avant*, 66 Ala. 526 ; *Harris v. Miller*, 71 Ala. 26.

In February, 1878, Conant, by mortgage, conveyed the lands in controversy to complainants, as security for the payment of his note under seal, for the sum of twelve hundred and seventy dollars. McHan, after the mortgage sale, being in possession of the lands, was sued by complainants for their recovery, in a statutory real action. There was verdict and judgment for defendant. One verdict and judgment, in such action, are not conclusive.—Code of 1876, § 2969 ; *Jones v. DeGraffenreid*, 60 Ala. 145. The present bill was filed by Ordway, Dudley and McGuire, who had failed in the ejectment suit, and Conant and McHan were made defendants. The bill avers that, when the mortgage was made, Conant was in possession of the lands. It then avers that the lands had belonged to McHan, but that before the mortgage was made, Conant and McHan had exchanged lands, and Conant had become the owner of the lands in suit, in exchange for other lands which had previously belonged to him ; and that he, Conant, had at least acquired "a perfect equity ; the said James McHan, to whom they previously belonged, having received a full, valuable, adequate, and all the consideration for the same agreed upon between him and the said Conant." The bill then charges, " that at the time of the exchange of lands between the said Conant and McHan, as above set forth, and previous to the execution of said mortgage of date 13th February, 1878, the said McHan had made a deed to said Conant, to the said lands embraced in the said mortgage, conveying to him the full legal title, and at the same time the said Conant conveyed by deed to McHan the lands near Huntsville, which he had previously owned ; . . . that since the execution of said mortgage by the said Conant to complainants, the defendants have fraudulently cancelled the trade which they had previously made by an exchange of lands, and have fraudulently withheld said deeds from record, which they had executed the one to the other in said exchange of lands, and now have said deeds in their possession, or under their control, or have destroyed the same, and, by such false and fraudulent conduct, are trying to defeat complainants from recovering the possession of said lands." We have now copied all of said bill, material to the question we propose to consider.

The allegations of fraud are wholly insufficient.—*Flewellen v. Crane*, 58 Ala. 627 ; *Pickett v. Pipkin*, 64 Ala. 520. The

[Shakespeare v. Alba.]

facts should have been averred, constituting the fraud ; enough facts to show a case of fraud against some right of complainant, set forth in the pleadings. It is not averred nor shown that McHan, before the alleged re-exchange and suppression or cancellation of the deeds, had notice, actual or constructive, of the mortgage to complainants. And, if this be not the particular ground of fraud invoked, no other requisite facts are set forth, —such as, that the re-exchange was simulated, and the mortgage property held by McHan in secret trust for Conant.

The bill, in other respects, is subject to criticism. , The note and mortgage are averred to be given to secure thirteen hundred and seventy dollars. The exhibits show them to be for twelve hundred and seventy dollars. The bill, in one place, avers that Conant's title was a " perfect equity." If this be so, then complainants were without remedy as to any part of their claim, save in equity. In another place, it is averred that Conant had a legal title. These apparently repugnant averments ought to be so modified, as to leave them in harmony.

It is possible the bill can be so amended as to give it equity, and, to that end, we will leave it for the chancellor to pass on any motion to amend the complainants may make. In cases circumstanced as this is, we deem it the better practice to make no order of dismissal in this court.

Reversed and remanded.