# Callen *v.* Schuessler.

*Bill in Equity by Surety on Tax-Collector's Bond, to enforce
Statutory Lien on Property of Principal and Sub-Pur-
chasers.*

1. *Correspondence of pleadings and proof.*—A party can not adduce,
nor claim any benefit from evidence, which is contradictory of an aver-
ment or admission in his own pleading; nor can a defendant claim the
benefit of any defensive matter in the nature of confession and avoid-
ance, which is shown by the evidence, unless it is set up in the answer.
2. *Official bond of tax-collector; lien as against homestead, and on
after-acquired property.*—The lien of a tax-collector's bond, as declared
by statute (Code, § 527), prevails over a claim of homestead, extends to
property acquired by him after the execution of the bond, and follows
the property into the hands of a purchaser with notice before the
default is judicially ascertained.

APPEAL from the Chancery Court of Chilton.
Heard before the Hon. S. K. MCSPADDEN.
This is the third appeal in this case.—*Schuessler v. Dud-
ley*, 80 Ala. 447; *Baker v. Schuessler,* 85 Ala. 540.   The
bill was filed on the 1st January, 1883, by Moses Simmons,

against James A. Dudley, late tax-collector of said county, the sureties on his official bond, and several persons who had bought property from him; and sought to subject property which belonged or had belonged to said Dudley, and also the property of the sureties so far as might be necessary, to the payment of a judgment which the county had recovered against them for an official default on his part, and which had been paid by the complainant, one of the sureties on the bond, who then took an assignment of it to himself. The bond was dated October, 1875, and was conditioned in the words of the statute. The judgment was rendered on the 22d October, 1878. The complainant died pending the suit, and the cause was revived in the name of Adam Schuessler as his administrator.

The bill sought to subject to sale, with other property, certain town lots in Clanton, which said Dudley had sold and conveyed, by deed dated January 15th, 1876, on the recited consideration of $1,000 in hand paid, to Mary F. Callen, the wife of H. J. Callen, both of whom were made defendants to the bill. In their original answer to the bill, said Callen and wife averred (par. 4) that, "at the time of the execution and approval of said Dudley's official bond as tax-collector of said county, he owned and occupied, as a homestead for himself and family, the property first described in said bill, to-wit: lots Nos. 1, 3, 7, 9, 10, 11, 13, 15 and 16, in block No. 5, east of the South & North Alabama railroad, in the town of Clanton, which, with the dwelling and appurtenances thereof, did not exceed the value of $1,000;" and claimed that, "neither at the time of the execution of said bond, nor by reason thereof, was there any sale, conveyance, or other alienation of said homestead property, nor was any lien or incumbrance created thereon in favor of said county or any person;" and in the 5th paragraph it was averred that, "on the 15th day of January, 1876, the said Mary F. Callen purchased the said above described property from the said James A. Dudley, for the sum of one thousand dollars, which said sum was paid in cash to said James Dudley, by the said Mary F. Callen, with funds belonging to her statutory separate estate." Mrs. Callen afterwards amended her answer, by consent, by striking out the whole of the 4th paragraph, and inserting in lieu of it the following: "Defendant admits that, at the time of the execution of said bond, said James A. Dudley did own lots 1, 3, 7, 11, and 13, in said block 5; but denies that he then owned or occupied

[Callen v. Schuessler.]

lots 9, 10, 15 and 16, in said block. Said Dudley became the owner of said lots 9, 10, 15 and 16, on the 22d November, 1875, by purchase from one Stock."

On final hearing, on pleadings and proof, the chancellor rendered a decree for the complainant, declaring a lien on all the lots, and ordering the sale thereof. Mrs. Callen appeals from this decree, and here assigns it as error.

JONES & FALKNER, and WATTS & SON, for appellant.

WM. S. THORINGTON, contra.

STONE, C. J.—It is contended for Mrs. Callen that, when she purchased the lots from Dudley, there was a balance of seventy-five dollars unpaid purchase-money, an incumbrance on the lots before she acquired the title, but which she paid off as part of the purchase-price she had agreed to pay for the lots. Dudley proves this to have been the case. The claim is, that to this extent the lots never were Dudley's, and that, consequently, she is entitled to be reimbursed the seventy-five dollars, out of the proceeds of the lots on which the incumbrance rested. If the pleadings were so framed as to raise this question, it may be that her claim would be well founded.

The state of the pleadings will not permit us to consider this question. In her answer Mrs. Callen "avers that, on the 15th day of January, 1876, the said Mary F. Callen purchased the said above described property from the said James A. Dudley, for the sum of one thousand dollars, which said sum was paid in cash to said James A. Dudley, by the said Mary F. Callen, with funds belonging to her statutory separate estate." The answer not only fails to aver that Mrs. Callen herself paid off this incumbrance, but avers the contrary, by claiming that she paid the entire sum to Dudley. An averment or admission in pleading can not be the subject of contradictory proof, by the party making the averment or admission.—*McGehee v. Lehman*, 65 Ala. 316; 3 Brick. Dig. 402, § 571.

But this feature of the case being defensive, in the nature of confession and avoidance, should have been claimed in the answer, to authorize proof to be made of it.

All other questions sought to be raised by the arguments of counsel, were decided adversely to appellant, when this case was formerly before us. We have not changed our

34

[Royal Insurance Co. v. Lubelsky.]

views, expressed on that appeal, but adhere to them. *Schuessler v. Dudley*, 80 Ala. 547; *County of Dallas v. Timberlake*, 54 Ala. 403; *Knighton v. Curry*, 62 Ala. 404.

Affirmed.