STRAUSS, KUPFER & COMPANY, Respondents, v. JULIUS LABSAP, Appellant.

St. Louis Court of Appeals, November 7, 1894.

1. **Sales:** REMEDIES OF VENDOR.    If a vendee without cause refuses to receive the goods purchased by him, the vendor may on notice to him sell the goods at public auction, and, in the absence of bad faith in such sale, can recover from him, as damages, the difference between the contract price and the net amount thus realized.

2. ———: ———. This rule will prevail, though some of the goods are purchased by the vendor at such auction sale, if the sale is fairly conducted, and the vendee is notified of the purchase before suit by the vendor but makes no offer to redeem.

*Appeal from the St. Louis City Circuit Court.*—HON. DANIEL D. FISHER, Judge.

AFFIRMED.

*James P. Maginn* for appellant.

Plaintiffs, being the agents of the defendant in selling the defendant's goods at the auction sale, could not legally buy in said goods themselves, and could not charge the defendant with any difference between the price at which the plaintiffs bought in said goods and the contract price agreed to be paid by the defendant. And, having failed to introduce any evidence showing what loss, if any, was sustained at the auction sale on such part of the goods as was sold to outsiders, the plaintiffs were not entitled to recover more than nominal damages. Mechem on Agency, secs. 462, 464, 903; *Eldridge v. Walker*, 60 Ill. 230; *Brock v. Rice*, 27 Gratt. 812; *Hood v. Adams*, 128 Mass. 207; Benjamin on Sales [6 Ed.] 769; *ibid*, sec. 772, and cases cited; *Dustan v. McAndrew*, 44 N. Y. 72. The following cases also are to the effect that an agent to sell can not be a purchaser at the sale: *Terry v. Bank of Orleans*, 9 Paige, 663; *Van Epps v. Van Epps*, 9 Paige, 237; *Morse v. Morse*, 4 Sandf. Ch. 37; *Michaud v. Girod*, 4 How. (U. S.) 252; *Davoe v. Fanning*, 2 Johns. Ch. 270; *Thornton v. Irving*, 43 Mo. 163, citing with approval the language of Chancellor KENT in *Devoe v. Fanning, supra.*

*Wm. C.* and *Jas. C. Jones* for respondents.

BIGGS, J.—This is an action for damages for the disaffirmance of a contract for the sale of goods. The

plaintiffs recovered a judgment for the difference between the contract price and the net amount realized for the goods on a resale. The defendant has appealed.

It is conceded that the purchase was made; that the defendant subsequently refused to receive the goods; that they were afterwards resold at public auction at the place of delivery after due notice to the defendant of the date and place of sale; and that the amount of the judgment is the difference between the net amount realized at the resale and the contract price. The contention of the defendant is that under the evidence the plaintiffs were entitled to nominal damages only, and that the court committed error in refusing an instruction asked by him to that effect.

The plaintiffs bought a portion of the goods at the resale, but the evidence is not sufficiently definite to identify the articles. Therefore the defendant's contention is that the plaintiffs are precluded from recovering substantial damages. The argument in support of this assumes that the purchase by the plaintiffs is absolutely void. This is the vice in the argument, for the purchase is only voidable and could only be avoided by defendant on terms. The goods were purchased in New York and were to be delivered there. It is unquestioned that the law of that state permitted the plaintiffs to resell the goods at public auction upon notice to the defendant, and that, in the absence of bad faith in the sale, the difference between the net amount realized and the contract price is the measure of plaintiffs' damage. *Dustan v. McAndrew*, 44 N. Y. 72. That is also the rule in this state. *Dobbins v. Edmonds*, 1$ Mo. App. 307; *Anderson v. Frank*, 45 Mo. App. 482; *Van Horn v. Bucker*, 33 Mo. 391; *Ingram v. Matthien*, 3 Mo. 209; *Rickey v. Tenbroeck*, 63 Mo. 563. Now, it is true that the plaintiffs in conducting the resale acted as trustees or agents for the

defendant, but their agency was coupled with an interest. If they deemed it necessary to protect their interest they could buy the goods, but they held them subject to redemption, provided the defendant acted seasonably. After being apprised of the purchase, it was the right of the defendant to have the goods purchased by the plaintiffs returned to him upon tender of the contract price, less the amount realized from the portion of the goods sold to third parties; or, if the return of the goods was impossible, then, upon offer to pay the balance of the original purchase price, he would have been entitled to a credit for the actual market value of the goods purchased by the plaintiffs, regardless of what they brought at the resale. This would be the rule if the defendant and the plaintiffs occupied the position of mortgagor and mortgagee, and the suit was to recover the balance of the mortgage debt, and we see no reason why, in the adjustment of equities between these parties, the same rule would not prevail. *Medsker v. Swaney*, 45 Mo. 273; *Allen v. Ranson*, 44 Mo. 263; *Thornton v. Irwin*, 43 Mo. 153; 2 Jones on Mortgages, sections 1876, 1876*a*; *Garland v. Watson*, 74 Ala. 323.

The evidence of the plaintiffs tended to show that the sale was fairly conducted. The defendant offered no counter evidence, and he did not offer to redeem, although he was fully advised prior to the trial that the plaintiffs had purchased a portion of the goods.

Our conclusion is that the judgment must be affirmed. It is so ordered. All the judges concur.