ANDERSON CARRIAGE COMPANY, Appellant, v. H. F. GILMORE et al., Respondents.

Kansas City Court of Appeals, February 4, 1907.

1. SALES: Refusal to Accept: Resale: Measure of Damages. Where the vendor refuses to accept the goods and the vendor resells, the measure of damages is the difference between the contract price and the market value; and the market value is established by the amount brought at the resale when fairly made under proper conditions.

2. ———: Contract: Retaking. A contract with an agent provided that the principal could elect to become a vendor and the agent would take the property at the price mentioned. Upon the principal's election the agent refused to take the property. Held, the principal's action for such breach of the contract was not defeated by his retaking the property as provided in another clause of the contract.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

REVERSED AND REMANDED.

*H. L. Shannon* for appellant.

(1) Where the contract of sale is still executory, the remedy of the vendor for a failure or refusal to accept or pay for the goods, is a personal action for a breach of the contract. Northrup v. Cook, 39 Mo. 208. (2) If the buyer, without cause, refuses to accept and pay for the goods sold, the seller may resell the same and recover as damages the difference between the contract price and the amount realized upon the resale. Van Horn v. Rucker, 33 Mo. 391; Ingram v. Matthieu,

3 Mo. 309; Baker v. McKinney, 87 Mo. App. 361; Logan v. Carroll, 72 Mo. App. 613; Strauss v. Labsap, 59 Mo. App. 260. (3) Where a contract stipulates a penalty for its breach, the injured party may elect to waive the penalty and sue for the damages. Tinkham v. Satori, 44 Mo. App. 664.

*McReynolds & Halliburton* for respondent.

No brief filed.

ELLISON, J.—So far as necessary to a disposal of this case, it may be stated that plaintiff and defendant entered into a written contract whereby defendant became plaintiff's agent in the sale of vehicles manufactured by plaintiff in the State of Michigan and shipped to defendant in this State. Among other things, the contract provided that plaintiff might require defendants to deliver and ship back the vehicles to it. Also that plaintiff should have the right to terminate the contract any time and enter the defendants' premises and take possession of and remove the vehicles. And also, that plaintiff might elect to sell to defendants at invoice price and take their note for the purchase money. Plaintiff brought this action for a breach of the contract as stated in the first count of its petition, wherein it was charged that defendants refused to buy the vehicles and give their note for purchase price and that plaintiff was thereby compelled to take them back to its damage, etc.; and for the money realized on the sale of two vehicles and not turned over to plaintiff, as stated in the second count. There was a judgment for defendant on the first count and for plaintiff on the second count. The trial court sustained a motion to strike out that part of the second count which alleges the breach by defendants, and which plaintiff has made the ground of its appeal.

It is extremely difficult to get at the merits of this

controversy from the fact that the plaintiff is the only party that is represented in this court and we have no means of learning the particular ground upon which the substantial part of the first count was stricken out.

It is true the plaintiff has taken the property back and has resold it to third parties at a reduced price. But before it did so, it endeavored to have defendants buy as by the contract they were obliged to do. Their refusal was a breach of a contract of sale and defendants retaking the property did not liquidate the damages for the breach. After taking the property, it had the right to resell.

It seems that the measure of damages, where there has been a resale, is the difference between the contract price and the market value. [Van Horn v. Rucker, 33 Mo. 391; Anderson v. Frank, 45 Mo. App. 482.] The market value, however, is considered to be established by the amount brought on a resale if such sale (fairly made) has been had after proper notice to the party committing the breach. [Rickey v. Tenbroeck, 63 Mo. 563.] But if no notice is given, the market value would be established by proper evidence, the amount realized by the sale generally being some evidence tending to prove that value.

So it would seem that the fact that plaintiff retook the property and resold it, did not cut them out of damages as herein indicated.

Nor do we see that the provision allowing plaintiff to retake the property as stated in the petition estops it from asserting its legal right to sell and hold defendants for the loss. Retaking was a right it had when defendants refused to make the purchase as agreed in the contract.

The judgment is reversed and the cause is remanded. All concur.