ANDERSON CARRIAGE COMPANY, Appellant, v. H. F. GILMORE et al., Respondents.

Kansas City Court of Appeals, March 2, 1908.

1. TRIAL AND APPELLATE PRACTICE. Where a judgment sustaining a demurrer to a petition is reversed, such action does not preclude the defendant setting up in his answer any defense or avoidance he may have.

2. CONTRACT: Option: Counter-Option: Construction. A commission contract between a jobber and a retailer provided that the jobber for three months after the first of October could elect to sell the goods on hand to the retailer and then that the retailer on the first of January could elect to buy the goods re-

maining on hand. *Held*, the two options could not exist at the same time and notice of election by the jobber after the first of January to sell to the retailer was too late, and besides the contract provides for its termination on the first of January.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray*, Judge.

AFFIRMED.

*H. L. Shannon* for appellant.

(1) It has been held on a former appeal in this case that plaintiff had a right under its contract with defendants to elect to sell certain vehicles to defendants for the promissory note of defendants, and that the refusal of defendants to accept said vehicles and execute their promissory note for the same was a breach of the contract in controversy entitling plaintiff to damages. Carriage Co. v. Gilmore, 123 Mo. App. 19. (2) It is now contended that the provision in said contract giving the defendants a right to purchase said vehicles on terms specified in the contract, is inconsistent with plaintiff's option to sell, and that therefore plaintiff's option to sell expired when defendants' option to buy began to run. 21 Am. and Eng. Ency. Law (2 Ed.), p. 933. (3) The first declaration of law given at the request of defendants is based on the theory that plaintiff's option to sell the vehicles in controversy to defendants, expired when defendants' option to buy took effect. Even if that contention were tenable it is not available to respondents in this appeal. That is a question that could be raised on the face of the pleadings, and was raised, or necessarily involved, in respondent's motion to strike certain allegations from plaintiff's petition. It appears from plaintiff's petition that plaintiff did not attempt to exercise its option to sell until after defendants' option to buy had taken effect. The allegations in plaintiff's petition that it had elected to sell, and that defendants had refused to buy,

along with other allegations, were stricken out on defendants' motion, and the action of the trial court in sustaining said motion was reviewed by this court on the former appeal of this case and disapproved. (4) The former adjudication necessarily involved a holding that plaintiff's option to sell was still alive on the ——— day of January, 1904, and defendants are bound by that holding. White v. Van Houten, 51 Mo. 580; Hombs v. Corbin, 34 Mo. App. 393; Laffoon v. Fretwell, 24 Mo. App. 258; Overall v. Ellis, 38 Mo. 209; Haughawout v. Royse, 122 Mo. App. 72.

*Perkins & Blair* for respondents.

(1) Appellant misstates respondent's position and contention. Paragraph 7 of the contract shows that the plan or scheme was that the principal had the right to elect on and after the first day of October of each year to sell to the agent all vehicles which had been shipped prior to the first day of October of each year; the agent to give his note payable at such time as the principal desired, but not less than three months (i. e., January 1st) after said first day of October. (2) The agents reserve the right to purchase all vehicles on hand January 1st, and settle for same by note or cash less the discount. (3) The contract was to end on the first day of January, 1904, unless then renewed. Therefore, the agent reserved the right to purchase all vehicles then on hand. 9 Cyc., pp. 577, 578, 587, 588.

ELLISON, J.—This cause was here on a former appeal and is reported in 123 Mo. App. 19, where a statement of the case may be found. On retrial plaintiff was again defeated on its claim for damages on the first count, and again appeals.

The claim of the plaintiff is, and has been, that under the terms of the contract between it and defendants it had the right to elect to sell the vehicles to defendants and require them to execute proper notes

in payment.    That it did so elect, and that defendants committed a breach of the contract by refusing to purchase and execute the notes.    The defendants, on the present appeal, now contend that plaintiff did not make its election to sell within the time required by the contract and that therefore they could not be charged with a breach by refusing to buy.    These claims of the parties are based on the following provisions of the contract: "That on and after the first day of October of each year during the continuance of this contract said principal can elect to sell outright to said agents any and all vehicles not settled for, and demand from said agents a note or notes payable at such time as said principal shall elect, but not less than three months after said first day of October, for an amount equal to the unpaid portion, or any part thereof, of the invoice price of any and all goods which had been shipped to said agents by said principal prior to October first of such year, under said contract.    This contract to be renewed on or about January 1, 1904.    The Carthage Implement Company reserving the right, if they so desire, to settle for all or any goods on hand January 1, 1904, by approved note or by cash less the discount."    Subsequent to the first day of January but before the 15th day of January, 1904, plaintiff served on defendants a notice to them to buy.

Plaintiff now claims that defendants' liability was decided on the former appeal and that it is now *res adjudicata*.    Defendants insist that the point now made was not presented to the court and was not considered, and cite Gwin v. Waggoner, 116 Mo. 152, in support of their position.    On account of the neglect of defendants, our inclinations lie altogether in the direction of sustaining plaintiff's claim.    When the case was before us on the former appeal defendants failed to furnish us with argument, brief or statement, but allowed the case to go by default and our attention was not directed

to the point now made. But when we consider that the case was appealed before on account of the trial court sustaining a motion to strike out the material part of the first count of plaintiff's petition, that we reversed and remanded the cause, and that then defendants filed an answer in the trial court setting up that plaintiff's election had not been made within the time provided by the contract, we conclude that they have a right to have that point considered. When a demurrer is sustained to a petition as not stating a cause of action, a reversal of that finding does not preclude an answer setting up any defense or avoidance which the defendants may have.

Coming to the point now made, that the election of plaintiff was out of time, we find it well taken. It will be noticed that the contract gives to plaintiff the right to have defendants to buy on and after the first of October of each year during the continuance of the contract. The contract was to end on the first of January following, for it is provided that it must be then renewed. So it would seem from that consideration that the option should be exercised between the first of October and the first of January. But in addition to this, as further showing the intention of the parties, the contract changes the option to the defendants, giving them the privilege of electing to buy on the first of January. It is clear that each opposing party could not have an option on the same thing at the same time. That necessarily ended plaintiff's option to sell. An option to buy means that defendants may refuse to buy and so puts an end to plaintiff's right to sell to them.

The trial was had without the aid of a jury and the foregoing considerations show that the court took the correct view of the case. The judgment will therefore be affirmed. All concur.