[Cohen v. Wollner, Hirschberg & Co.]

# Cohen *v.* Wollner, Hirschberg & Co.

*Actions against Married Woman, on Contracts made after Removal of Disabilities of Coverture by Decree of Chancellor.*

1. *Removal of disabilities of coverture by decree of chancellor; extent of powers conferred by decree.*—Under the provisions of the statute approved February 10th, 1875 (Code, § 2731), chancellors are authorized, either in term time or vacation, on the filing of a proper petition and regular proceedings had under it, "to relieve married women of the disabilities of coverture, as to their statutory and other separate estates, so far as to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole;*" but a decree rendered under this statute removes the disabilities of coverture only to the extent particularly specified in the statute, and does not confer on the petitioner the power to make general contracts.

2. *Same; averments of petition.*—When a petition is filed under this statute, it must allege that the petitioner has a separate estate, statutory or equitable; and the omission of such averment, it being a jurisdictional fact, renders the entire proceeding void.

APPEALS from the Circuit Court of Perry.

Tried before the Hon. JOHN MOORE.

These several cases (*Wollner, Hirschberg & Co. v. Cohen, Maas & Bloch v. Cohen,* and *J. Pollack & Co. v. Cohen*), involving the same questions, were argued and submitted together. Mrs. Caroline M. Cohen, the defendant in each case, was a married woman, the wife of Meyer Cohen, whose disabilities of coverture had been removed by a decree of the chancellor, under the general statute (Code, § 2731); and the plaintiffs' debts in each case, on which their respective actions were founded, were contracted by her, in the purchase of goods from them, after the rendition of that decree. Each of the actions was commenced by attachment, sued out on the ground that the defendant was fraudulently disposing of her property; and each was levied on a stock of goods and merchandise, with which she was carrying on business in her own name, in Uniontown in said county. The defendant moved to dissolve the attachment in each case, and filed pleas in abatement on account of her coverture; which motion and plea were overruled by the court. The declaration alleged, in each case, that the defendant was relieved of the disabilities of coverture, on her own petition, by a decree of Chancellor AUSTILL, rendered on the 4th September, 1875, before the debts with plaintiffs were contracted; and there was, in each case, a demurrer to the

[Cohen v. Wollner, Hirschberg & Co.]

complaint, and a motion to strike it from the files, both of which were overruled and refused. The decision of this court renders it unnecessary to notice these several rulings. The trial was had on issue joined on the plea of *non assumpsit.*

On the trial, as the bill of exceptions shows, the plaintiffs read in evidence a certified transcript of the proceedings had in the chancery cause, under which the defendant was relieved of the disabilities of coverture. The petition in said cause was filed in the Chancery Court of Mobile, on the 8th of September, 1875, and was in these words: "The petition of Caroline M. Cohen shows, that she is a resident and citizen of the city and county of Mobile, in the State of Alabama; and she files this her petition, by her next friend, Henry Kaufman, for the purpose of being relieved from the disabilities of coverture, and made a free-dealer, according to the laws of the State of Alabama, she being a married woman, and that she be invested with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole*, and to be declared a *femme sole* for the purposes aforesaid; that her husband is named Meyer Cohen, and he is a citizen and resident of Mobile city and county, in the State of Alabama; that your petitioner has been his wife for many years, and he is willing, and consents in writing, that this her petition shall and may be granted and decreed by your honor. Wherefore, your petitioner prays that your honor will decree and order that your petitioner be relieved from the disabilities of coverture, and be declared a *femme sole*, with the right to buy, sell, hold, convey and mortgage real and personal estate and property, and to sue and be sued as a *femme sole;* and your petitioner, as in duty bound, will ever pray."

On the same day, the assent in writing of the petitioner's husband, to the prayer of the petition, was filed; and the chancellor thereupon rendered the following decree, dated "At chambers, in vacation, Mobile, Sept. 4th, 1875:" "This is a petition of Mrs. Caroline M. Cohen, a married woman, by her next friend, Henry Kaufman, to be relieved of the disabilities of coverture for certain purposes, and comes on to be heard in vacation. It appears that Meyer Cohen, the husband of the petitioner, files his written consent that his wife, the petitioner, may have the relief prayed for. Wherefore, upon consideration, it is ordered, adjudged and decreed, that the petitioner, Caroline M. Cohen, be, and she is hereby, relieved of the disabilities of coverture, so far as to invest her with the power to buy, sell, hold and convey and mortgage real and personal property, and to sue and be sued as a *femme sole.* It is further ordered, that the petitioner and her next friend pay the costs of this petition," &c.

[Cohen v. Wollner, Hirschberg & Co.]

When this transcript was offered in evidence on the trial, the defendant objected to its admission as evidence, "because said petition did not allege that the petitioner owned or possessed any separate estate whatever at the time said petition was filed, and because the chancellor's decree did not and could not authorize the said defendant (petitioner) to fasten any personal liability on herself;" which objections the court overruled, and the defendant excepted. The plaintiffs proved, also, in each case, the contracts which were the consideration of the debts sued for, being goods sold and delivered by them to defendant, at various times, subsequent to the rendition of said decree; while the defendant adduced evidence showing that, at the several dates when the goods were sold and delivered, "she was conducting a general merchandising business in Uniontown, and said goods were sold to her by plaintiffs for the purposes of trade."

On the evidence adduced, all of which is set out in the bill of exceptions, the court charged the jury, that they must find for the plaintiffs, if they believed the evidence; and refused to charge the jury, on the written request of the defendant, "that the chancellor's decree did not authorize the defendant to engage in a general merchandise business, or to bind herself personally for goods purchased in the usual course of trade." To the charge given, and to the refusal of the charge requested, the defendant duly excepted.

The rulings of the court on the pleadings and evidence, and in the matter of charges given and refused, are now assigned as error.

THOS. SEAY, BROOKS & ROY, and J. W. BUSH, for appellant. (1.) The statute under which the decree was rendered, here set up as the foundation of the defendant's liability, was intended to enable a married woman to utilize her separate estate, by removing some of the restrictions imposed by existing statutes; and it can only be invoked by a married woman who owns a separate estate, statutory or equitable. The petition in this case did not allege, and there was no attempt to show, that Mrs. Cohen owned any estate whatever; and the want of this jurisdictional averment renders the proceeding void. (2.) A decree rendered under this statute, if founded on a sufficient petition, does not enable a married woman to bind herself personally by her contracts, nor to engage in business in her own name as a merchant.—*Hatton v. Weir*, 19 Ala. 127; *Dreyfus v. Wolffe*, 65 Ala. 496; *Davis v. Millett*, 34 Maine, 429; *Slover v. Alcoll*, 11 Mich. 471; *Bank v. Partee*, 99 U. S. 325; *Williams v. Hayward*, 117 Mass. 532. (3.) If Mrs. Cohen holds any estate under the decree, it is a separate estate; and whether

[Cohen v. Wollner, Hirschberg & Co.]

it be statutory or equitable, this action must fail. If her estate be equitable, it can only be subjected by bill in equity; and if statutory, it can not be reached by attachment.—*McMullen v. Lockwood*, 64 Ala. 56; *Lee v. Ryall*, 68 Ala. 354.

PETTUS & DAWSON, and MACARTNEY & CLARKE, *contra*. (No brief on file.)

STONE, J.—Amending a former statute, the legislature, by act approved February 10, 1875 (Pamph. Acts, 194; Code of 1876, § 2731), enacted: "That the several chancellors in this State, either in term time or in vacation, are hereby authorized and empowered to relieve married women of the disabilities of coverture, as to their statutory and other separate estates, so far as to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole*, whenever the wife, by her next friend, shall file her petition in the Court of Chancery for the district in which she resides, praying that she be decreed, for the purposes aforesaid, to be declared a *femme sole*."

Interpreting this statute by its own language, we find the purpose of the enactment was, to relieve married women of the disabilities of coverture; not to relieve them of such disabilities in all respects, but only so far as those disabilities affect their "statutory and other separate estates." And as to separate estates, the relief granted to them is not unlimited. They are not made free-dealers. The relief from marital disabilities is, and can extend only, "so far as to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole*." None of these rights or powers could a married woman exercise at common law; nor, under our statutes, known as the "woman's law," could she exercise any of them, except to sue and be sued in her own name; and even that right was confined to her statutory separate estate. She could hold property, real and personal, but it vested in her husband as her trustee. She could could neither buy, sell, nor convey, without the concurring assent and act of her husband. The statute empowered her, when relieved, to do these enumerated acts as a *femme sole*, without the concurrence, and against the consent of her husband.

In *Dreyfus v. Wolffe*, 65 Ala. 496, we were required to pronounce on one phase of this statute. We said: "It can not be successfully gainsaid, that as far as the statute extends, Mrs. Dreyfus is clothed with all the civil powers of a *femme sole*, and her coverture opposes no obstacle to the assertion of rights and liabilities, whether made by her or against her. The rulings

[Cohen v. Wollner, Hirschberg & Co.]

of this court, from the very commencement, have been, that our statutes, securing to married women their separate estates, do not constitute them *femmes sole*, or free-dealers. They are under all the disabilities of coverture, except to the extent the statutes confer powers on them. The clauses conferring on them powers, we have construed as enabling; we have sometimes said, narrowly enabling. The act of February 10th, 1875, was evidently conceived in the same spirit—that of enabling the wife to do what, theretofore, she had no power to do. It does not, in general terms, constitute her a free-dealer, or confer on her all the powers of a *femme sole*. . . . It does not confer the power to make general contracts."

We have seen no reason for departing from this interpretation of the statute. So, in *Ashford v. Watkins*, at the last term (70 Ala. 156), speaking of this statute, we said, it "is a delegation to the chancellor, not to the Chancery Court, of a power that prior to its enactment the General Assembly had reserved to itself, not delegating it to any judicial officer. In the absence of the statute, the chancellor could not exercise the power. . . . The power conferred is not the general, prerogative power the General Assembly had been accustomed to exercise, of removing entirely the disabilities of coverture, or of removing only partially, or of investing them with capacity to make particular contracts, or to make particular dispositions of property. The power is precisely defined, and is, 'to relieve married women of the disabilities of coverture, as to their statutory and other separate estates, so far as to invest them with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as *femmes sole*.' This is the power, and there seems to have been much of legislative caution in the expression. A general capacity to contract is carefully withheld. The only contracts authorized, are such as touch and concern property." There is then a reference to, and an approval of the doctrine declared in *Dreyfus v. Wolffe*, 65 Ala. 496.

The statute under discussion is certainly enabling. It creates a new jurisdiction, not before exercised by the Chancery Court, and authorizes the chancellor to exercise that jurisdiction, "either in term time or in vacation." It is a mere statutory power, outside of the general routine of judicial proceedings; and, to be valid, the statute must be strictly conformed to. What are the essentials to put this statutory jurisdiction into exercise? The petitioner must be a married woman. The statute provides for none other. She must have an estate, for the powers of the chancellor can be invoked and exercised only in reference to her estate. The estate must be separate, either statutory or otherwise. Such is the statute, and

the chancellor's power is confined by the statute to that description of estate. We say, she must have an estate. Courts pronounce on existing rights, and existing conditions; not on future possibilities. A petition under this statute, averring that the petitioner had no estate, statutory or otherwise, would certainly be demurrable. The chancellor would not pronounce judgment on a mere abstraction, or imaginary case. A real subject of judicial inquiry must be before the court. A proceeding to obtain the judgment of the court as to a right of property, when there is no such property in existence, is certainly an anomaly. The statute requires that such petition shall pray that the petitioner "be decreed, for the purposes aforesaid, a *femme sole.*" The purposes aforesaid are, relief from "the disabilities of coverture as to her statutory and other separate estates." How can she be under disabilities, when she has no estate? And how can the chancellor confer on her powers over that she has not, and never may acquire?

The petition found in these records, under which it is claimed Mrs. Cohen was relieved of the disabilities of coverture, is fatally defective in substance, and did not put this statutory power of the chancellor into exercise. It entirely omits to aver she had any estate of any kind, statutory or otherwise; and thus fails to show she was entitled to the relief the statute offers. A failure to make a jurisdictional averment, in statutory proceedings like this, is equivalent to an admission that there is no fact on which to base such averment. The chancellor never having acquired jurisdiction, the whole proceeding was and is void.—*Ashford v. Watkins, supra; Tyson v. Brown,* 64 Ala. 244; *Wyman v. Campbell,* 6 Por. 219; 2 Brick. Digest, 464, §§ 1, 6.

It results from what we have said above, that Mrs. Cohen never was empowered to enter into contracts of purchase, and her plea of coverture was a perfect defense to these actions.

Other very grave questions, arising under the act of February 10th, 1875, have been argued before us. What we have said above renders their decision unnecessary.

Reversed and remanded.