# Doe, *ex dem.* Stoutz *v.* Burke.

*Ejectment by Purchaser at Mortgage Sale, against Mortgagors.*

1. *Removal of disabilities of coverture, by decree of chancellor; sufficiency of petition.*—To authorize and sustain a decree by the chancellor, in the exercise of his statutory jurisdiction (Code, § 2731), relieving a married woman of the disabilities of coverture as to her statutory or other separate estate, "so far as to invest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole*," her petition (or application) must aver that she has a separate estate, statutory or equitable; and the want of such an averment, it being a jurisdictional fact, renders the decree void.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This action was brought by George Stoutz, against Mrs. Margaret Burke and her husband, Henry Burke, to recover the possession of a certain tract or parcel of land in Mobile, which the plaintiff claimed under purchase at a sale under a power contained in a mortgage executed by the defendants. The mortgage was executed on the 31st May, 1880, and described Mrs. Burke as a "married woman who was declared a free-dealer by the Chancery Court of the first district, Southern Chancery Division of Alabama, on the 29th day of April, 1880, in accordance with the statute in such cases made and provided." The petition on which the decree was founded, as set out in the transcript offered in evidence on the trial, was in these words: "Your petitioner, Margaret Burke, by her next friend, H. L. Hopper, respectfully shows that she is a married woman, and is the wife of Henry Burke; and that she and her

[Doe, ex dem. Stoutz v. Burke.]

said husband are residents of the county of Mobile, and have so resided as husband and wife for the ten years last past. The said Margaret Burke desires to be relieved of the disabilities of coverture, and, by her next friend aforesaid, now prays that she may be declared a *femme sole*, and that your Honor will make a decree relieving her of the disabilities aforesaid, as to her statutory and other separate estate, so far as to invest her with the right to buy, sell, hold, convey and mortgage her real and personal property, and to sue and be sued as a *femme sole*, according to the statute in such cases made and provided." The chancellor's decree was rendered in vacation, April 29th, 1880, and was in these words: "The petitioner prays to be relieved of the disabilities of coverture. It appears that Henry Burke, the husband of the complainant, has filed his written consent that she be allowed the relief petitioned for. Upon consideration whereof, it is ordered and decreed that Margaret Burke be, and she is hereby, relieved from the disabilities of coverture as to her statutory and other separate estate, so far as to vest her with the right to buy, sell, hold, convey and mortgage real and personal property, and to sue and be sued as a *femme sole*." The defendants " objected," as the bill of exceptions states, " to the record of said proceedings being received in evidence, on the ground that the petition did not show that said Margaret Burke had a separate estate, and that its averments were not sufficient to authorize said court or chancellor to declare said Margaret Burke a free-dealer." The court sustained the objection, and excluded the transcript as evidence; and this ruling, to which the plaintiff duly excepted, is now assigned as error.

OVERALL & BESTOR, for appellant.—The petition and decree, each, follows the language of the statute (Code, § 2731), and must therefore be held sufficient.—*Driggers v. Cassidy*, 71 Ala. 532.

PILLANS, TORREY & HANAW, contra, cited *Cohen v. Wollner, Hirschberg & Co.*, 72 Ala. 233; *Tyson v. Brown*, 64 Ala. 244.

BRICKELL, C. J.—The sole question presented by the record is not distinguishable from that which was decided in *Cohen v. Wollner*, 72 Ala. 233. The power of the chancellor to relieve married women of the disabilities of coverture, is derived from the statute.—Code of 1876, §§ 2731–32. When the power is properly exercised, the result is a change in the *status* of the married woman, relieving her of the disabilities the general law imposes, and conferring upon her capacity and rights the general law withholds. The statute is enabling,

[Ross v. The State.]

creating a new jurisdiction, conferring a new power upon the chancellor, not upon the Chancery Court.—*Ashford v. Watkins*, 70 Ala. 156. The power can not be properly exercised, unless upon the face of the proceedings it is apparent that it has been called into exercise by the petition or application of a married woman, having an estate, statutory or equitable. If these facts do not affirmatively appear, the proceedings are *coram non judice.*—*Cohen v. Wollner, supra.* The one fact is as essential as the other. It is not intended that any and every married woman shall be relieved from the disabilities of coverture; only such as have an estate in reference to which the capacity expressed in the statute may be employed, are within its meaning and purposes; and, of course, single women already possessed of the capacity are not within its purposes. We repeat, then, before the jurisdiction conferred by the statute can be affirmed to exist, it must be made to appear that a petition, or application, or complaint, was actually preferred by a married woman, having a statutory or equitable separate estate. The petition, or application, upon which the proceedings and decree found in the record were based, contains no averment that the petitioner had an estate of any kind, character or description. The prayer of the petition follows the words of the statute, that she be relieved of the disabilities of coverture, "as to her statutory and other separate estate, so far as to invest her with the right to buy," &c.; but this is indicative only of the character of the relief, or of the decree sought, and can not be interpreted as an averment of the material fact that she had such estate. It could, and would properly, as well have been the form of the prayer, if she was without a present estate of any kind, but in the contemplation or expectation of acquiring it at some future time, by buying, or otherwise exercising the powers with which she was to be invested.

The judgment is affirmed.