[McLendon v. American Freehold Land Mortgage Co.]

# McLendon v. American Freehold Land Mortgage Co.

## Action on Official Bond of Justice of the Peace.

1. *Taking acknowledgment a judicial act.*—A justice of the peace in making a certificate of acknowldgment to a conveyance by a person, of whom he, at the time, has jurisdiction, acts judicially; the certificate imports absolute verity, and the facts certified to cannot be assailed by parol.

2. *Judge or justice not liable for judicial acts.*—A judge or justice cannot be held liable for errors of judgment committed, while acting judicially, upon any subject matter of which he has jurisdiction, or where it operates *in personam*, if he has jurisdiction of the person.

3. *Recitation of jurisdictional fact not conclusive in court of limited jurisdiction.*—The mere recital of a jurisdictional fact in the judgment by a court of limited jurisdiction, as distinguished from courts of general jurisdiction, is not sufficient to show that the court in fact had jurisdiction.

4. *Justice liable on official bond for false certificate of acknowledgment.*—A justice of the peace who makes an official certificate of a wife's separate acknowledgment to a conveyance of the homestead, when, in truth, the facts certified to are wholly false, both as to her appearance before him and the examination, does not act judicially, but is guilty of a gross usurpation of jurisdiction and wrong, for which he is liable on his official bond to the party injured.

APPEAL from Bullock Circuit Court.
Tried before Hon. J. W. FOSTER.
The case is stated in the opinion.

D. S. BETHUNE, for appellant.—If a court of limited jurisdiction is charged with the ascertainment of a jurisdictional fact, and its proceedings show that the fact was ascertained, they cannot be collaterally impeached. *Pettus v. McClanahan,* 52 Ala. 59; *Pollard v. American Freehold Land Mortg. Co.,* 103 Ala. 289. Officers act judicially in taking acknowledgments.—*Griffith v. Ventress,* 91 Ala. 374; *American Freehold Land Mort. Co. v. James,* 105 Ala. 347; *Thompson v. New England Mort. Sec. Co.,* 110 Ala. 400. For acts done in judicial capacity, a judge of a court of general or of inferior

jurisdiction shall not be made answerable in civil action at the suit of a party claiming to be aggrieved thereby. *Heard v. Harris,* 68 Ala. 47; *Woodruff v. Stewart,* 63 Ala. 215; *Hamilton v. Williams,* 26 Ala. 527; *Busteed v. Parsons,* 54 Ala. 399; *Iron v. Lewis,* 56 Ala. 195. Bonds are a security for only a performance of ministerial duties.—*Iron v. Lewis,* 56 Ala. 190; *Ex parte Buckley,* 53 Ala. 51; *Thompson v. Holt,* 52 Ala. 491; *Grider v. Tally,* 77 Ala. 424.

J. D. NORMAN, *contra.*—There is a broad distinction between the exercise of judicial power or jurisdiction by a judicial officer and the usurpation of jurisdiction or power by such officer. Jurisdiction is the right to hear and determine a cause, and before this right or power can be put into operation by a judicial officer, he must have jurisdiction of the subject matter and the person. Appellant, in signing the certificates, did not exercise judicial power, because Mrs. Grider was not present for him to call into exercise his jurisdiction. He committed a wrong under color of his office, and against such conduct his judicial authority will not protect him from responsibility on his bond.—*Woodruff v. Stewart,* 63 Ala. 211; *Goodman v. Winter,* 64 Ala. 432; *Harris v. Heard,* 68 Ala. 47-8; Mechan on Agency, 583; 19 Am. & Eng. Encyc. of Law, 488; Code of 1886, §273; *Kelly v. Moore,* 51 Ala. 364; *McElheny v. Gilleland,* 30 Ala. 183; *Couch v. Davidson,* 109 Ala. 314. It is permissible to attack judgments of inferior jurisdiction, even collaterally, by extrinsic proof showing that the recitals of notice or appearance were in fact false.—*Cheny v. Nathan,* 110 Ala. 254; *Cox v. Johnson,* 80 Ala. 24; *Riddle v. Messer,* 84 Ala. 241; *Ferguson v. Crawford,* 70 N. Y. 253; S. C. 26 Am. Rep. 589.

COLEMAN, J.—The American Freehold Land Mortgage Company sued the defendant for a breach of his official bond as a justice of the peace. The complaint shows that one Grider, desiring to borrow money from the plaintiff, executed a mortgage to plaintiff to secure the loan upon lands which embraced the homestead. That the defendant, as justice of the peace, certified in legal form for conveying the homestead, that the wife of Grider appeared before him and acknowledged her

signature, that, in fact, the said wife of Grider never appeared before or in the presence of the said justice of the peace, and neither signed nor made any acknowledgment. The facts were admitted to be true, and there was verdict and judgment for plaintiff. The rulings of the court, upon the motions and pleas of the defendant as to whether such facts constitute a breach of official bond of the justice of the peace, forms the matter of the assignments of error.

The appellant's contention is that the justice of the peace, in making the certificate, acted judicially, and therefore cannot be held liable for a judicial act, and that the certificate imports absolute verity, and that the facts certified to cannot be assailed by parol. If it appeared that the justice of the peace had jurisdiction of Mrs. Grider, all that appellant contends for would be true, as held in many decisions of this court. The mere recitation of a jurisdictional fact in the judgment by court of limited jurisdiction, as distinguished from courts of general jurisdiction, is not sufficient to show that the court in fact had jurisdiction.—*Pollard v. Mortgage Company,* 103 Ala. 289, 295. As was said in *Goodman v. Winter,* 64 Ala. 430, "That a judgment or decree of any court of superior or inferior jurisdiction is void, if it has not jurisdiction of the subject, or if it operates *in personam,* if it has not jurisdiction of the parties, is a proposition everywhere asserted and cannot be doubted."

The condition of the bond of justice of the peace is to "faithfully discharge the duties of such office during the time he continues therein, or discharges any of the duties thereof."—3070 Code of 1896. Section 2663 of the Code confers upon justices of the peace authority "to take acknowledgments of all deeds, or conveyances required to be recorded and certify the same for registration."

Section 3087 of the Code of 1896 reads as follows: "Every official bond is obligatory on the principal and sureties thereon—

1. For any breach of the condition during the time the officer continues in office, or discharges any of the duties thereof.

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*

3. For the use and benefit of every person who is in-

jured, as well by any wrongful act committed under color of his office, as by his failure to perform, or the improper or neglectful performance of those duties imposed by law."

We adhere to the well established law of this State, that a judge or justice cannot be held liable for errors of judgment committed while acting judicially upon any subject matter of which he has jurisdiction, or where it operates *in personam*, if he has jurisdiction of the person; but a justice of the peace, whose duty it is to take acknowledgments and certify the same for registration, and officially certifies that A. B., known to him to be the wife of C. D, appeared before him, and being examined separate and apart from the husband, touching her signature to the foregoing instrument, acknowledges that she signed the same, etc., when, in truth, the facts stated are wholly false, both as to the appearance before him and the examination, is guilty of a gross usurpation of jurisdiction and wrong, and cannot be said to have acted in a judicial capacity. This conclusion finds support in the construction given to the statute in the case of *Kelly v. Moore*, 51 Ala. 364, and *McElhaney v. Gilleland*, 30 Ala. 183. To place any other construction upon the statute would render its provisions nugatory. We find no error in the record and the case must be affirmed.

Affirmed.