# Crosthwait *v.* Pitts *et al.*

### *Action on Official Bond of Justice of the Peace.*

1. *Pleading and practice; amendment of complaint; not discontinued.*—Where, after suit is brought against a principal and sureties on the official bond, the principal dies, the amendment of the complaint by striking out the name of the principal as a party does not operate to discontinue the cause.

2. *Justice liable on official bond for false certificate of acknowledgment.*—A justice of the peace who makes an official certificate of a wife's separate acknowledgment to a conveyance of the homestead, when, in truth, the facts certified to are wholly false, both as to her appearance before him and the examination, does not act judicially, but is guilty of a gross usurpation of jurisdiction and wrong, for which he is liable on his official bond to the party injured; and this liability extends to the transferee of the instrument who is shown to have been injured by the unlawful act.

APPEAL from the City Court of Birmingham.

Tried before the Hon. CHAS. A. SENN.

This is an action brought by the appellant as plaintiff, against the appellees, as sureties on the official bond of one John A. Baker, a justce of the peace, in Jefferson county, Alabama, for damages for the wrongful act of the said Baker in making a false certificate to a mortgage. Baker was first made a party defendant to the cause, but he died while the suit was pending, and the complaint was then amended by striking him out as a party defendant because of the said death.

It is averred in the complaint as amended that one Treherne owed a debt to one Bella A. McDonald, and gave a mortgage to secure the same upon his homestead, and that the said Baker certified on the said mortgage that the wife of Treherne came before him and made the acknowledgment required by law for the conveyance of the homestead, when in fact the wife of Treherne was

not before the justice at all, and did not make the acknowledgment as certified to; that the mortgage was on the homestead of Treherne and wife, and because of the failure of the wife to acknowledge it, the mortgage was held void. It is further averred that the plaintiff believing that the mortgage was a valid one purchased the note and mortgage and attempted to enforce it, but was unable to do so. It is also averred that the plaintiff knew nothing about the false certificate, that it was in due form, and the mortgage was otherwise regularly and legally executed, and the security was sufficient to have saved the said debt if the mortgage had been valid.

To the complaint as amended the defendant demurred upon the following grounds: 1. The complaint shows that the transaction relied on is champertous, and the plaintiff is guilty of maintenance. 2. The complaint shows that the alleged mortgage was void at the time of the plaintiff's alleged purchase thereof. 3. It appears that the plaintiff purchased and now seeks to maintain a suit on a claim for official violation of duty by a justice of the peace. 4. Plaintiff having struck out the name of John A. Baker as party defendant, without reviving against the personal representative, the suit is continued against these defendants. 5. It is not averred that the obligee in the note secured by the mortgage were insolvent. 6. It is not averred or shown that Baker intentionally committed the wrong complained of. 7. It is not shown what, if any, loss plaintiff suffered in consequence of the wrong complained of. 8. The complaint shows that the justice of the peace had jurisdiction of the subject matter.

The court sustained the demurrers to the complaint, and the plaintiff declining to plead further, judgment was rendered for the defendants.

JAMES A. MITCHELL, for appellant.—It is well settled in Alabama that a justice of the peace or other officer who takes and certifies to an acknowledgment to a conveyance, the sureties on his official bond, are lia-

ble to one injured, if the certificate of acknowledgment is false.—*McClendon v. Amer. F. L. M. Co.*, 119 Ala. 518.

It has been expressly held in other States that a transferee of a mortgage, under circumstances as averred in the complaint, could recover damages for the wrongful act of the officer.—*People v. Bartels*, 138 Ill. 322; *Wyllis v. Haun*, 47 Ia. 614; *Curtis v. Colby*, 39 Mich. 456.

Bowman & Harsh, *contra.*—In the absence of any statute to the contrary, the right of action extends only to the person taking directly under the conveyance, and does not pass to a subsequent grantee.—1 Cyclopedia of Law and Procedure, 629; *Ware v. Brown*, 29 Fed. Cas. 220, case 17170; *Eslava v. Jones*, 83 Ala. 139; *Wells v. Cook*, 16 Ohio State, 67; *Dehn v. Heckman*, 12 Ohio State, 181.

In Alabama the certificate of a notary public is regarded as a judicial act, and where so regarded the facts averred in the complaint are not sufficient to hold him liable. See *Com. v. Haines*, 39 Am. Rep. 805; *Henderson v. Smith*, 53 Am. Rep. 139; *Brown v. Dolan*, 68 Ia. 645; *Scotten v. Fegan*, 62 Ia. 236.

The action having been discontinued as to John A. Baker, the principal in the bond sued on, is discontinued as to all.—6 Enc. Pl. & Pr., 857, and note 4, with many Alabama authorities cited.

DOWDELL, J.—The amendment of the complaint by striking out the name of Baker as a party defendant did not operate a discontinuance of the cause. The record shows that Baker died after the commencement of the suit, and before the amendment by striking his name as a party defendant. The amendment, therefore, was in effect, nothing more than an order abating the suit as to him.

The only difference between the case at bar and that of *McClendon v. American Freehold Land Mortgage Co.*, 119 Ala. 518, as to the parties, is that in the latter the suit was by the mortgagee, and here the suit is by

the transferee of the mortgagee. In *McClendon v. Mortgage Co., supra,* it was held that the justice of the peace was liable on his official bond for falsely certifying to the acknowledgment of the wife to the mortgage, when in fact the wife had not been examined by him separate and apart from the husband and no such acknowledgment as was certified to had ever been had. He had not acquired jurisdiction of the person whose acknowledgment was falsely certified, and could, therefore, claim no immunity from responsibility for his act on the ground that it was judicial. He was in that case held liable to the Mortgage Company, the mortgagee, for the loss and damage proximately resulting from his wrongful act.

The wrongful act here complained of, the false certification, was in its nature continuing, with an accompanying responsibility and liability to any one who might suffer loss and damage as a proximate consequence of such misconduct and wrong. The statute [§ 3087 of the Code], provides: "Every official bond is obligatory on the principal and sureties thereon—1, for any breach of the condition during the time the officer continues in office, or discharges any of the duties thereof. 2, for the faithful discharge of any duties which may be required of such officer by any law passed subsequently to the execution of such bond, although no such condition is expressed therein. 3, for the use and benefit of every person who is injured, as well by any wrongful act committed under color of his office, as by his failure to perform, or the improper or neglectful performance of those duties imposed by law." There can be no doubt under the allegations of the complaint but that the plaintiff was injured by the alleged wrongful act of the defendants' principal, and that the loss suffered by the plaintiff was the proximate result of such wrongful act. Under subdivision 3 of the statute above set out, the plaintiff clearly has his right of action on the official bond for the damages sustained by him as averred in his amended complaint. The court erred in sustaining the demurrer to the complaint as amended.

[Sloss-Sheffield Steel & Iron Co. v. Mobley, Admrx., &c.]

The judgment will be reversed and a judgment will be here rendered overruling the demurrer.

Reversed and rendered, and remanded.