# Stewart *v.* The State.

### Indictment for Carrying Concealed Pistol.

1. *Grand-jurors; how summoned.*—It is not ground for quashing an indictment, that the court ordered the sheriff to summon "qualified persons" to complete the grand-jury, without directing, specifically, the summoning of residents of the county, since only residents of the county are qualified.

FROM the Circuit Court of Butler.

Tried before the Hon. JOHN R. TYSON.

Tract Stewart was indicted and tried for carrying a concealed weapon. He was convicted. Before entering on the trial a motion was made by prisoners' counsel to quash the indictment, which was refused. This action of the court is the only ground of error assigned on this appeal.

GAMBLE & POWELL, for appellant.

WM. L. MARTIN, Attorney-General, for the State.

McCLELLAND, J.—One of the qualifications of a grand juror is that he be a resident of the county in the Circuit Court of which his services in that capacity are required. Therefore the order of the court made in this case that the sheriff summon "eight qualified persons" to complete the grand jury, the number originally summoned and present being less than fifteen, was essentially an order that he summon residents of the county since only such residents could be qualified persons within its terms. It follows that the motion of defendant to quash the indictment on the ground that the order in question did not in direct terms require the summoning of residents of the county was without merit.

No other point is presented by this record.

Affirmed.