# CASES

IN THE

# SUPREME COURT OF ALABAMA.

## NOVEMBER TERM, 1897.

## American Freehold Land Mortgage Co. *v.* Pollard, *et als.*

*Bill in Equity to compel Mortgagor to elect to affirm or disaffirm Sale under Power.*

1. *Mortgage; stipulation for attorney's fee.*—The stipulation in a mortgage that if the mortgagor should make default and it should become necessary to employ an attorney to foreclose the mortgage or collect any part of the debt, the mortgagor would pay such reasonable attorney's fees and all other lawful and proper costs and expenses that might be incurred in that behalf, relates to the services of an attorney in the execution of the power of sale; and if upon default in the payment of the mortgage debt an attorney is employed to foreclose the mortgage by sale under the power contained therein, the mortgagee is entitled to have the fees of the attorney so employed paid out of the proceeds of the sale.

2. *Same; same; when mortgage does not secure attorney's fees for filing of bill to compel the affirmance or disaffirmance of sale under mortgage.*—A mortgage containing a stipulation for the payment of reasonable attorney's fees and other lawful and proper costs and expenses that may be incurred in foreclosing the mortgage in event it becomes necessary to employ an attorney for such purpose, was foreclosed under the power of sale contained in the mortgage. At said sale the mortgagee became the purchaser without being authorized thereto in the mortgage. In a bill filed to compel the mortgagor to elect to affirm or disaffirm such foreclosure sale the mortgagee asked to be allowed an attorney's fee paid for the filing of said bill and the prosecution of the cause, if the mortgagor elected to disaffirm and there was a necessity for foreclosure by a decree. The mortgagor contested the validity of the mortgage, but elected to affirm

1

[American Freehold Land Mortgage Co. v. Pollard, *et als.*]

the sale if the court determined that the mortgage was valid·
The court sustained the validity of the mortgage, and rendered
a decree confirming the sale. *Held*: That the mortgagee was
not entitled to attorney's fees for the filing of said bill and the
prosecution of said suit.

3. *Same; effect of foreclosure by sale under power.*—A foreclosure by
mortgagee under the power of sale contained in the mortgage,
as effectually cuts off the equity of redemption as does a decree
of foreclosure by the chancery court; and if the mortgagee
himself becomes the purchaser, without being authorized
thereto in the mortgage, the only right remaining in the
mortgagor is to d'saffirm the sale by resort to a court of equity
within a reasonable time.

4. *Same; right as to rent between mortgagor and mortgagee.*—A mort-
gagee is chargeable with rents during the time the mortgaged
property is in his possession before the sale by foreclosure
under the power, but if after foreclosure sale under the power
contained in the mortgage, at which the mortgagee becomes
the purchaser without being authorized thereto, the mortgagor
affirms said sale, his election to ratify said sale relates back to
the time of foreclosure, and after the sale and purchase, the
purchaser's possession is that of owner, and he is not, thereafter,
chargeable with rents.

APPEAL from the City Court of Montgomery, in Equity.
Heard before the Hon. THOS. M. ARRINGTON.

The facts of the case are sufficiently stated in the
opinion.

JAMES E. WEBB and CALDWELL BRADSHAW, for appel-
lant.—The services of an attorney employed by a
mortgagee to foreclose a mortgage, as is stipulated for
in the mortgage itself, is not limited to compensation
for such services as may be rendered in advertising,
selling and conveying under the power of sale ; but such
stipulation for the employment of an attorney includes
services in a court of chancery, whenever such services
are necessary to perfect and complete the foreclosure,
whether the suit in equity was brought by the mortgagor
or mortgagee.—*Bedell v. N. E. Mortg. Sec. Co.*, 91 Ala.
326 ; *Mortgage Co. v. McCall*, 96 Ala. 200 ; *Ib.*, 99 Ala.
427 ; *Speakman v. Oaks*, 97 Ala. 503.

A sale under the power contained in a mortgage and
the purchase by the mortgagee at his own sale cuts off

the mortgagor's equity of redemption as effectually as if there had been a sale under a decree of the chancery court.—*McLean v. Presley*, 56 Ala. 211; *Mortgage Co. v. Sewell*, 92 Ala. 168; *Garland v. Watson*, 74 Ala. 323; *McHan v. Ordway*, 76 Ala. 347. The mortgagor's equity of redemption having been cut off by the power of sale contained in the mortgage, the mortgagor could only be put in the position to question the validity of the mortgage by being re-invested with the equity of redemption, which could only happen by an election to disaffirm the sale.—*Amer. Mortgage Co. v. Sewell*, 92 Ala. 168.

JOHN G. WINTER, *contra.*—Contracts are enforced and effectuated as parties may make them, and when stipulation for the payment of the fees of counsel is incorporated in a mortgage or other instrument, it is necessary to determine whether the event or contingency on which they are payable, has occurred, if payment of them is claimed.—*Bynum v. Frederick*, 81 Ala. 489; *Bedell v. New Eng. M. S. Co.*, 91 Ala. 325; *Tompkins v. Drennen*, 95 Ala. 463; *McCall v. A. F. L. M. Co.*, 99 Ala. 427; s. c. 96 Ala. 200.

The prayer contained in the original bill for the allowance of attorney's fees and expenses of foreclosure is based entirely upon, and in the event of the disaffirmance of the mortgage. This special prayer for relief cut complainant off from any other relief inconsistent with that contained therein. In the special prayer, relief on this account is asked only in the event of a disaffirmance. That contingency has never happened, the court holding that the mortgagors have elected to affirm the sale. Hence, to allow counsel fees and expenses of foreclosure, on affirmance, would be to allow that which was not only not asked for in the bill, but which was expressly waived by the special prayer insisting on counsel fees in the other event only.—*Florence S. M. Co. v. Zeigler*, 58 Ala. 221; *Thomason v. Smithson*, 7 Port. 144; *Strange v. Watson*, 11 Ala. 324.

A mortgagee in possession, whether in possession by trustee, receiver, or by a tenant, is in equity accountable for the rents and profits of the estate, and is bound to apply them in reduction of the mortgage debt. After

paying the interest of the debt, any balance of receipts is applicable to reduce the principal. The mortgagee is not allowed to make a profit out of his possession of the estate. Therefore, upon a redemption of the mortgaged premises, by one interested in them, he is obliged to state an account of his receipts from the mortgaged property, and is entitled to an allowance for all proper disbursements made by him in respect to the premises.— 2 Jones on Mortgages, (5th ed.) § 1144; *Powell v. Williams,* 14 Ala. 476; *Barron v. Paulling,* 38 Ala. 292; *Downs v. Hopkins,* 65 Ala. 508; *Dozier v. Mitchell,* 65 Ala, 511; *Butts v. Broughton,* 72 Ala. 294; *Farris v. Houston,* 78 Ala. 250.

From this theory results the doctrine, that a mortgagee in possession, before or after default in the payment of the mortgage debt, and before foreclosure, is a trustee of the rents and profits for the mortgagor, and bound to apply them in extinguishment of the mortgage debt.— *Toomer v. Randolph,* 60 Ala. 356; *Farris v. Houston, supra; Downs v. Hopkins, supra;* 2 Jones on Mortgages, § 115.

PER CURIAM.—The appellees Pollard executed a mortgage to the appellant upon certain lands to secure a loan of money, and a second mortgage upon the same lands to one B. K. Collier, who transferred and indorsed the same to F. M. Dunton. Default having been made in the payment of the debt secured by the mortgage to appellant, by virtue of the power and authority contained in the mortgage, it proceeded to foreclose the same; and became the purchaser at its own foreclosure sale, without such authority having been granted by the mortgage. The price bid exceeded that of the debt due and unpaid. The present bill was then filed by the appellant, the purpose of which is to compel the mortgagors, and F. M. Dunton, the second mortgagee, to elect either to affirm or avoid the purchase made by the appellant. The bill contained an averment of the amount of the debt which remained unpaid at the time of the foreclosure under the power of sale, the default, the amount of the purchase price bid by the purchaser, and averred that, by the provisions of the mortgage, complainant was entitled to an allowance for reasonable attorney's fees, both on account of the fore-

closure of the mortgage under the power of sale and for services rendered as such in the present litigation. The holder of the junior mortgage did not answer the bill, and decrees *pro confesso* were taken against him. The mortgagors answered the bill, and upon various grounds denied its validity, and severely contested the right of complainant to foreclose and apply the security afforded by the mortgage to the mortgage debt. In the answer respondents stated that, in the event the validity of the mortgage should be sustained by the court, respondents then elected to ratify the sale under the power contained in the mortgage and the purchase by complainant. The ratification was conditional, and made to depend upon the result of the litigation, growing out of the denial by the mortgagors of the validity of the mortgage itself. The chancery court sustained the validity of the mortgage, and by its decree allowed complainant all the compensation claimed by the bill as attorney's fees. From this decree the mortgagors, Pollard, appealed to this court. The case and the opinion of the court is reported in 103 Ala. 289. The main question presented to this court on that appeal involved the validity of the mortgage. This court affirmed the decree of the chancery court, sustaining the validity of the mortgage, and consequently the election by the mortgagors to ratify the foreclosure sale made under the power and the purchase of the property by the mortgagee. The cause was reversed upon the sole ground that, under the case made by the bill, the complainant was not entitled to any allowance as attorney's fees. Upon the remandment of the cause, the complainant, by leave obtained, amended its bill, and by the amendment averred that, in and by the fifth clause of the mortgage, it was provided that if the mortgagors should make default, and if it should become necessary to employ an attorney to foreclose this mortgage, or collect any part of the debt herein secured, they will pay such reasonable attorney's fees, and all other lawful and proper costs and expenses that may be incurred by the party of the second part in that behalf, and this mortgage shall stand as security for the same ; and it was further averred that the mortgagors did make default in the payment of the debt, and that it did become necessary to employ an attorney to

foreclose the mortgage and to collect the debt and interest secured thereby, and that it incurred a liability to pay, and has paid its said attorneys (a named sum) in foreclosing said mortgage by advertisement, and sale under the power therein, and that the same was a reasonable fee ; and there were other sums mentioned as lawful costs and charges for advertising and making the sale. The mortgage was made an exhibit to the bill, and by proper averments it became a part of the bill of complaint, and it appears that the fifth paragraph is substantially as averred in the amendment to the bill, above copied. The mortgage contains the further provision that, in the event the land is sold to satisfy the debt, "the proceeds shall be applied, first, to the payment of the expenses incurred in advertising and making the same, and to the payment of such reasonable attorney's fees as may be incurred by the said party of the second part." Upon motion of the respondents Pollard, the amendments to complainant's bill, claiming reasonable compensation for expenses incurred in and about the foreclosure sale and attorney's fees, were stricken out, and complainant was debarred from making proof of the averments, and by the final decree complainant was not allowed any compensation whatever.

The chancery court was clearly in error in this respect. We presume the chancery court was influenced by what was said in the opinion of this court on the former appeal.—103 Ala. 289. We feel constrained to qualify or explain the former opinion, in so far as it may be deemed an authority authorizing the conclusion that complainant's bill, as amended, did not entitle him to the benefit of the provisions and stipulations in the mortgage allowing reasonable attorney's fees and cost incurred in the foreclosure of the mortgage under the power of sale. In fact, the mortgage expressly made provision for such compensation ; and in the case of *McCall v. Mortgage Co.*, 99 Ala. 430, a similar provision was declared to relate to the services of an attorney in the execution of the power of sale. Upon the ratification of the sale by the mortgagors, it became effective for all purposes, as and from the time of the foreclosure under the power of sale. We hold, further, that the

litigation arising from the filing of the present bill, in which the very life of the mortgage itself has been so vigorously assailed, and which has been brought about, not by reason of the purchase of the property by the mortgagee at its own foreclosure under the power of sale, and for which reason the mortgagors had an election to disaffirm or ratify the foreclosure, but solely in denial of the validity of the mortgage debt and the right of the complainant to foreclose the same, either under the power of sale or by bill in equity, presents conditions entitling complainant to a reasonable attorney's fee, as provided in the mortgage, for services rendered in this suit.

There is another expression contained in the former opinion which we deem best to modify to prevent any misunderstanding. At the top of page 301 (103 Ala.), it is said: "And as the foreclosure was defective—not of itself cutting off the equity of redemption—defective in consequence," etc. By numerous decisions of this court, which we regard as sound, and from which we are not willing to depart, the principle has been established that a foreclosure under the power of sale contained in the mortgage as effectually cuts off the equity of redemption as a decree of a chancery court, and, when the mortgagee himself becomes the purchaser, nothing is left in the mortgagor except his right to disaffirm the sale by resort to a court of equity in a reasonable time; and, even then, relief will not be granted to him except upon his doing equity by offering to pay the debt secured by the mortgage. Thus, in the case of *Alexander v. Hill*, 88 Ala. 487, which was a case where a mortgagee purchased at his own sale, it was said: "The sale cuts off the equity of redemption as long as it is permitted to stand, but leaves in the mortgagor the right to disaffirm it, and the consequent right to redeem upon such a disaffirmance, and, to authorize redemption, he must offer to do equity." To the same effect is the case of the *Amer. Freehd. &c. Co. v. Sewell*, 92 Ala. 163, and authorities cited. See, also, *Knox v. Armistead*, 87 Ala. 513; *Sanders v. Askew*, 79 Ala. 435; *Harris v. Miller*, 71 Ala. 26.

The mortgagee is properly chargeable with rents during the time it was in possession of the premises mort-

gaged, before the sale of foreclosure. As stated above, the election to ratify related back to the date of the sale. and, after the sale and purchase, complainant's possession was that of owner, and he was not chargeable with rents thereafter.

After the cause was remanded, the junior mortgagee, Dunton, filed a cross-bill, in which he claimed the excess of the purchase price after paying the debt secured by the original mortgage. It will be seen, by reference to the opinion of the Chief Justice filed in the present appeal, that he adheres to the conclusion stated in the opinion on the former appeal, to the effect that complainant, under the bill, is not entitled to any compensation for attorney's fees and cost of sale, and holds that the junior mortgagee, Dunton, is entitled to relief, and that the overplus of purchase money, or so much as may be necessary, should be applied to the satisfaction of the debt secured by the second mortgage. There can be no doubt that, under the provisions of the junior mortgage, his right is superior to that of the mortgagors ; but whether he can assert this right, in the condition in which the case is prosecuted, by the pleading and the orders and decrees rendered, and the manner of taking his appeal from the adverse rulings of the equity court, involves questions which the court deems unnecessary to consider, in view of the conclusion reached that complainant is entitled to reasonable compensation, as attorney's fees, for services rendered and expenses in the foreclosure sale and the litigation in defense of the validity of the mortgage involved in the present suit. The reversal of the decree of the city court opens the case, and gives the court jurisdiction of all interlocutory orders and decrees. If the junior mortgagee desires to prosecute his claim further, it may be necessary to have the decrees *pro confesso* against him set aside. The decree of the equity court must be reversed, and the cause remanded, for the error stated.

Reversed and remanded.

[Orr v. Sparkman.]

On Application for Rehearing.

PER CURIAM.—The chief purpose and object of the
bill is to compel the defendant mortgagors to an election
of affirming or disaffirming the sale made by the mort-
gagee under the power contained in the mortgage. The
relief sought by the prayer of the bill, as to an allow-
ance for attorney's fees in the filing of the same and the
prosecution of the cause, is conditioned upon an election
by the defendants to disaffirm, and a consequent fore-
closure by a decree of the chancery court. The defend-
ants elected to affirm the sale, subject, however, to the
determination by the court of the validity of the mort-
gage, which was denied. The decree of the chancery
court sustained the validity of the mortgage, and con-
firmed the sale upon this election by the defendants to
affirm. There was no decree of foreclosure. Under this
state of the pleading, after a careful consideration, we
have reached the conclusion that the complainant is not
entitled to any compensation, by way of attorney's fees,
for the filing of this bill and the prosecution of this suit.
And to this extent the opinion in this case is now modi-
fied, and, with this modification, the application for a
rehearing is overruled.